HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN VOLKIRCH, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAFEWAY INC., a Delaware Corporation,<br><br>                    Defendant. | CASE NO.  2:21-cv-01352 RSL<br><br><br>FIRST AMENDED COMPLAINT |

**I.      PARTIES, JURISDICTION AND VENUE**

1.1    Plaintiff, John Volkirch ("Mr. Volkirch"), is an individual residing in King County, Washington.

1.2    Defendant Safeway Inc. ("Safeway") is a Delaware corporation doing business in the State of Washington.

FIRST AMENDED COMPLAINT – Page 1
Case No.: 2:21-cv-01352 RSL

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

1.3   This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331, 1332 and 1367.

1.4   Venue is proper under 28 U.S.C. § 1391 as the acts complained of occurred in this judicial district.

## II.   FACTUAL ALLEGATIONS

2.1   Mr. Volkirch was first hired by Safeway in 1975 as an order selector in the produce warehouse in Bellevue, Washington.

2.2   In 1998, Safeway promoted Mr. Volkirch to the position of supervisor.

2.3   In 2005, Safeway transferred the Bellevue distribution center operations to a distribution center in Auburn, Washington.

2.4   In that time frame, Mr. Volkirch transferred to the Auburn Distribution Center.

2.5   In 2006, Safeway assigned Mr. Volkirch to perform the duties of master scheduler.

2.6   In early 2007, Safeway moved Mr. Volkirch to the transportation department as a supervisor.

2.7   In June of 2007, Safeway promoted Mr. Volkirch to General Merchandise/Health and Beauty Care ("GM/HBC") Warehouse Manager which required him to return to the Bellevue distribution center.

2.8   In 2010, the GM/HBC Warehouse operation was transferred to the Auburn Distribution Center, and Mr. Volkirch transferred back to the Auburn Distribution Center at that time.

2.9   In 2015, Safeway promoted Mr. Volkirch to the position of Grocery Warehouse Manager.

FIRST AMENDED COMPLAINT – Page 2
Case No.: 2:21-cv-01352 RSL

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.10    In 2018, Safeway transferred Mr. Volkirch to the position of Transportation Manager.

2.11    Mr. Volkirch's career with Safeway had been very successful, and in the Spring of 2018, then Auburn Distribution Center Adrian Santos asked Mr. Volkirch if he would be interested in promoting and going to Phoenix, Arizona to assume the responsibilities of Distribution Center Manager at that location.

2.12    Mr. Volkirch declined the Distribution Center Manager opportunity in Phoenix, Arizona for personal reasons.

2.13    During the course of his career from 1975 through 2018, Mr. Volkirch received positive performance evaluations, had no discipline, and continuously promoted.

2.14    In late 2018, Safeway assigned Chris Barker to be the new Distribution Center Manager of the Auburn Distribution Center.

2.15    At the time of this assignment, Mr. Barker was 28 years old and Mr. Volkirch was 66 years old.

2.16    After three months of working together, Mr. Barker wanted to replace Mr. Volkirch with a younger employee, David Boothe, who at the time was the Grocery Warehouse Manager.

2.17    Mr. Volkirch had hired Mr. Boothe as an order selector, promoted him to a supervisor in the GM/HBC warehouse in Bellevue, promoted him to a superintendent in the GM/HBC warehouse in Auburn, and was instrumental in facilitating his additional promotional opportunities including his appointment as Grocery Warehouse Manager in the Auburn Distribution Center.

2.18    After learning that Mr. Barker had asked Mr. Boothe if he wanted to become the Transportation Manager, Mr. Volkirch contacted Human Resources Manager Travis Parke to

FIRST AMENDED COMPLAINT – Page 3
Case No.:  2:21-cv-01352 RSL

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

inquire about the situation, and Mr. Parke confirmed that Mr. Barker was seeking to replace Mr. Volkirch.

2.19   The following year during the 2019 holiday season, Mr. Barker became upset at Mr. Volkirch's performance regarding the holiday schedules.

2.20   Mr. Barker used this issue to give Mr. Volkirch a reduced merit increase, and to transfer the master schedule responsibilities away from Mr. Volkirch, assigning them to David Boothe.

2.21   As the COVID-19 pandemic created additional pressure on the grocery industry in early 2020, Mr. Volkirch worked tirelessly across three months to ensure that all deliveries were made on time.  During this time frame he was working 10-11 hours per day, six days a week.  No other Safeway manager at the Auburn Distribution Center worked such a schedule.

2.22   In 2020, Mr. Barker required Mr. Volkirch to have weekly meetings with the Corporate Director of Transportation, Duane Woods to work on his performance.  After three weeks of meetings, Mr. Woods informed Mr. Volkirch that these meetings could end as Mr. Volkirch's performance was satisfactory.

2.23   On May 30, 2020, Mr. Volkirch ruptured his kneecap tendon and had to have surgery on it two days later.  He was out of work recovering for six weeks as a result.

2.24   Up until this time frame, Mr. Volkirch had been receiving merit increases of 3% or more and had been receiving performance bonuses of 200% for at least the last three quarters.

2.25   On June 30, 2020, Mr. Barker indicated that Mr. Volkirch would only be receiving a 1% increase due to Mr. Volkirch's allegedly poor performance.

2.26   Mr. Volkirch returned to work on July 13, 2020 before having a follow-up appointment with his doctor the next day and having to miss work for it.  Mr. Barker demanded to

FIRST AMENDED COMPLAINT – Page 4
Case No.:  2:21-cv-01352 RSL

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

know who had approved this day off and Mr. Volkirch informed him that he had given Mr. Barker notice of this appointment over a month ago.

2.27    On September 17, 2020, Mr. Barker informed Mr. Volkirch he was planning on placing him on a Performance Improvement Plan but had decided against it since Mr. Volkirch was doing such a good job.

2.28    On September 30, 2020, Mr. Volkirch's wife needed surgery.  In order to care for her and avoid further retaliatory behavior from Mr. Barker, Mr. Volkirch took vacation days to care for her rather than sick leave or FMLA leave.

2.29    When Mr. Volkirch returned to work on October 8, 2020, he was informed by Mr. Barker and Mr. Parker hat he was being placed on a performance improvement plan.  In addition, Mr. Barker indicated that Mr. Volkirch had already failed his first performance improvement plan, which made no sense to Mr. Volkirch as there had not been a performance improvement plan initiated up to that point.

2.30    On October 13, 2020, Mr. Volkirch received a phone call from HR manager Travis Parke where he was advised to take some time off work due to the stress he was under, with Mr. Parke saying he should file for FMLA leave and that he would not tell Mr. Barker about the call, keeping it between Mr. Volkirch, Mr. Parke and Auburn Distribution Center General Manager and Vice President John Owen.

2.31    On October 15, Mr. Volkirch had a follow-up meeting with Mr. Parke and Mr. Owen where Mr. Volkirch expressed his fear of retaliation by Mr. Barker if he took time off for FMLA leave, that Mr. Barker would perceive it as him avoiding the performance improvement plan.  Messrs. Parke and Owen assured Mr. Volkirch that while he would still be on the performance improvement plan when he returned, he should take the time off.

FIRST AMENDED COMPLAINT – Page 5
Case No.:  2:21-cv-01352 RSL

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

2.32   Following this direction, Mr. Volkirch called in sick the next day and then went to see his doctor on October 22, 2020, where he received a certification for FMLA leave for twelve weeks until December 22, 2020.

2.33   Mr. Volkirch informed Safeway of his intent to return to work.

2.34   On Friday, January 8, 2021, Mr. Parke contacted Mr. Volkirch and asked him if he had considered or would consider a severance package.

2.35   Mr. Volkirch said that he had not considered that, but would think about it over the weekend.

2.36   On Monday, January 11, 2021, Mr. Volkirch indicated that he would consider a severance package and presented a request for severance. Mr. Parke indicated that he would work on that and respond as soon as possible.

2.37   On February 8, 2021, Mr. Volkirch filed a charge of age discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

2.38   During the months of January, February and March, Mr. Volkirch repeatedly inquired about the status of the severance package and/or his return to work, but received no response from Mr. Parke except that Mr. Parke was still working on it.

2.39   On May 3, 2021, Mr. Volkirch returned to work.

2.40   At some time between May 3, 2021 and July 2, 2021, Safeway granted Mr. Volkirch a 3% merit increase.

2.41   On July 2, 2021, Mr. Volkirch was terminated for allegedly unsatisfactory performance.

FIRST AMENDED COMPLAINT – Page 6
Case No.: 2:21-cv-01352 RSL

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA 98370
Office (206) 488-8344

2.42   As a result of Defendant's wrongful treatment of Mr. Volkirch and his termination of employment, Mr. Volkirch has suffered economic and non-economic damages in an amount to be proven at trial.

2.43   On November 22, 2021, the EEOC issued a notice of right to sue letter to Mr. Volkirch.

### III.   FIRST CAUSE OF ACTION
### Age Discrimination In Violation Of The Age Discrimination In Employment Act
### 29 U.S.C. 623(a)

3.1   Plaintiff realleges paragraphs 1.1 through 2.43 as though fully set forth herein.

3.2   Defendant's actions and/or omissions constitute employment discrimination because of age in violation of 29 U.S.C. § 623(a)(1).

3.3   Defendant's violations of the Age Discrimination in Employment Act were willful.

3.4   As a result of Defendant's violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

### IV.   SECOND CAUSE OF ACTION
### Age Discrimination In Violation Of The Washington Law Against Discrimination
### RCW 49.60.180

4.1   Plaintiff realleges paragraphs 1.1 through 3.3 as though fully set forth herein.

4.2   Defendant's actions and/or omissions constitute employment discrimination in compensation or other terms and conditions of employment on the basis of age in violation of RCW 49.60.180.

4.3   As a result of Defendant's discriminatory practices, Plaintiff has been damaged in an amount to be proven at trial.

FIRST AMENDED COMPLAINT – Page 7
Case No.:  2:21-cv-01352 RSL

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

## V.  THIRD CAUSE OF ACTION
### Retaliation In Violation Of The Age Discrimination In Employment Act
### 29 U.S.C. § 623(d)

5.1   Plaintiff realleges paragraph 1.1 through 4.3 as though fully set forth herein.

5.2   Defendant's actions or omissions constitute discrimination or retaliation for opposing discrimination prohibited by the Age Discrimination in Employment Act, in violation of 29 U.S.C. § 623(d).

5.3   Defendant's violations of the Age Discrimination in Employment Act were willful.

5.4   As a result of Defendant's violations of the law, Plaintiff has been damaged in an amount to be proven at trial.

## VI.  FOURTH CAUSE OF ACTION
### Retaliation In Violation Of The Washington Law Against Discrimination
### RCW 49.60.210

6.1   Plaintiff realleges paragraphs 1.1 through 5.3 as though fully set forth herein.

6.2   Defendant's actions and/or omissions constitute retaliation against an employee for engaging in protected activity in response to Defendant's discriminatory employment actions.

6.3   As a result of Defendant's retaliation, Plaintiff has been damaged in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court grant the following relief as against Defendant:

FIRST AMENDED COMPLAINT – Page 8
Case No.:  2:21-cv-01352 RSL

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344

1. An order finding that Defendant engaged in age discrimination and/or retaliation in violation of 29 U.S.C. § 623(a), 29 U.S.C. § 623(d), RCW 49.60.180 and/or RCW 49.60.210;

2. An order granting Plaintiff an award of damages for all forms of specific losses and general losses in an amount to be proven at trial;

3. An order granting Plaintiff an award of liquidated damages for its willful violations of the Age Discrimination in Employment Act under 29 U.S.C. § 626(b) in an amount to be proven at trial.

4. An order granting Plaintiff his interest, attorney's fees and costs incurred in prosecuting this action in an amount to be proven at trial pursuant to 29 U.S.C. 626(b) and RCW 49.60.030; and

5. Such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 22nd day of December, 2021.

VANGUARD LAW, LLC



By: _____
Spencer Nathan Thal, WSBA # 20074
Zachariah Thal, WSBA #55462
Vanguard Law, LLC
PO Box 939
Poulsbo WA  98370
Phone: (206) 818-2499
Phone: (206) 488-8344
zach@vanguardlawfirm.com
spencer@vanguardlawfirm.com

*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT – Page 9
Case No.:  2:21-cv-01352 RSL

VANGUARD LAW, LLC
PO BOX 939
POULSBO, WA  98370
Office (206) 488-8344